IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY HENRY AMES,  CV. 03-1119-HU

        Petitioner,  FINDINGS AND RECOMMENDATION

  v.

MITCH MORROW,

        Respondent.

Christine Stebbins Dahl
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Lynn David Larsen
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorney for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Oregon State Correctional Institution, brings this habeas corpus proceeding pursuant to 28

U.S.C. § 2254.  For the reasons set forth below, I recommend that the habeas petition be denied.

## BACKGROUND

On May 4, 1998, petitioner was convicted of four counts of Sodomy in the First Degree, and two counts of Sexual Abuse in the First Degree.  The judgment was entered into the court register on May 26, 1998.  Petitioner did not file a direct appeal.

On May 25, 1999, petitioner filed a petition for post-conviction relief.[1]  The case was dismissed, upon motion by petitioner, and judgment was entered on November 17, 1999.

On December 29, 2000, petitioner filed a second petition for post-conviction relief.  The trial court denied the petition as untimely, and because petitioner could have raised the issues in his first post-conviction proceeding.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Ames v. Morrow, 185 Or. App. 406, 61 P.3d 280 (2002), rev. denied, 335 Or. 255 (2003).  The appellate judgment issued on April 15, 2003.

---

[1] Respondent's Exhibit 102 supports the contention that petitioner filed his first state post-conviction proceeding on May 25, 1999.  (See also Petitioner's Reply at 2.)  However, there are several representations throughout the state record that the proceeding was filed one month earlier on April 24, 1999.  (See, e.g., Respondent's Exhs 104 at 2; 105 at 3; 106 at 2; 107 at 1, 3 and 5.)  This 30-day discrepancy is not raised by the parties and does not impact this court's finding that petitioner's federal habeas corpus petition is untimely.

On August 11, 2003, petitioner filed the instant proceeding.[2] Respondent moves the court to dismiss petitioner's habeas corpus petition as untimely.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." In the instant proceeding, the limitation period commenced on the date petitioner's state conviction became final by the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Between the date petitioner's conviction became final (June 25, 1998), and the date petitioner filed his first state post-conviction proceeding, 334 days accrued. The limitation period was tolled during the pendency of petitioner's first post-conviction proceeding. Between the entry of judgment in the first post-conviction proceeding, and the filing of petitioner's second post-conviction proceeding, 406 days accrued. Approximately 117 days accrued between the termination of petitioner's second post-conviction proceeding and the filing of the instant proceeding. In

---

[2] For purposes of this decision, I assume that petitioner presented his federal habeas corpus petition for mailing by correctional officials on the date he signed the petition. Hence, the petition is deemed filed on that date. Houston v. Lack, 487 U.S. 266, 270 (1988) (adopting "prison mailbox rule").

sum, at least 857 days elapsed prior to the date petitioner filed this proceeding.[3]

Petitioner does not dispute that his federal habeas corpus petition was filed more than one year after his state conviction became final. However, petitioner argues that the limitation period should be equitably tolled due to his "extremely low cognitive functioning". Petitioner offers the report of Caleb Burns, Ph.D., who opines that petitioner is in the borderline range of intellectual ability, reads at a 7th grade level, and lacks the cognitive and reading ability to understand the legal complexities of § 2244(d)(1) without help from others. Petitioner also offers the report of Marjorie Terdal, Ph.D., who opines that the reading level necessary to comprehend the complexities of § 2244(d)(1) is well beyond college.

The limitation period set forth in § 2244(d)(1) may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a timely petition. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Allen v. Lewis, 255 F.3d

---

[3] The parties do not address whether petitioner's second post-conviction proceeding was "properly filed" so as to toll the limitation period. The Supreme Court recently held that a state post-conviction petition dismissed as untimely does not toll federal limitations period. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1811-12 (2005). In the instant proceeding, petitioner's habeas petition is untimely, absent equitable tolling, even if the limitation period were tolled during the pendency of the second post-conviction proceeding.

798, 799-800 (9th Cir. 2001), on reh'g en banc, 295 F.3d 1046 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "'lest the exceptions swallow the rule.'" Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)).

The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the "extraordinary circumstance" was the but-for and proximate cause of his late filing. Allen, 255 F.3d at 800; Miranda, 292 F.3d at 1065. If the petitioner did not exercise reasonable diligence under the circumstances in attempting to file after the extraordinary circumstance began, the link of causation between the extraordinary circumstance and the failure to file is broken. Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (cited with approval in Spitsyn, 345 F.3d at 802); see also Pace, 125 S.Ct. at 1814; Allen, 255 F.3d at 800.

As noted above, petitioner argues that the limitations period should be equitably tolled because his low cognitive functioning made it impossible for him to understand the requirements of § 2244(d)(1) and to comply with them. In this regard, petitioner attests:

> After my conviction, I wanted to appeal my case. I tried to find out what I needed to do to appeal my case by going to the law library at OSCI [the Oregon State Correctional Institution].

> I remember the law library had a couple of law books on the federal statute of limitations and federal habeas corpus. I tried to read through those books and read the statute on the statute of limitations.
>
> I did not understand what the statute said. I can read the words, but I felt I was misunderstanding exactly what I was supposed to do. I tried to get other people at OSCI to help me, but they were too busy and could not help me.
>
> I ended up trying to figure out the law by myself. I wrote to Mr. Wax at the Federal Public Defender's Office. He wrote to me saying he didn't have enough information about the time limit, but that I should file the federal habeas petition right away.

For the following reasons, I conclude that petitioner has failed to demonstrate that his low cognitive functioning was the but for and proximate cause of his failure to file a timely habeas corpus petition.

First, petitioner has failed to demonstrate that he exercised due diligence after reading § 2244(d)(1) and determining that he was unable to understand its provisions. Petitioner does not specify when he went to the prison law library and first read § 2244(d)(1). However, petitioner does attest that he was prompted to visit the library out of a desire to "appeal" his 1998 state conviction. A timely notice of appeal would have been filed on or before June 25, 1998.

Similarly, although petitioner attests that he sought assistance from OSCI personnel (to no avail), he does not specify the extent of those efforts and, more importantly, when those

efforts occurred. This omission is relevant because it is "much more difficult for a prisoner to demonstrate causation where he encounters the 'extraordinary circumstances' in the beginning or middle of the limitations period than where he encounters them at the end of the limitations period." Allen, 255 F.3d at 800.

Notably, the state record reveals that petitioner *was* able to gain the help of inmate legal assistants prior to September 5, 2001. On that date, petitioner attested, in response to the state's motion to dismiss petitioner's second state post-conviction petition, that he had conducted hours of legal research with the help of inmate legal assistants. (Respondent's Exh. 107.) However, petitioner did not file his federal habeas corpus petition until approximately two years later.

Petitioner sought assistance from the Federal Public Defender's Office in an effort to understand the limitations period. However, this assistance was not sought until July, 2003, long after the federal limitation period had expired. Hence petitioner has failed to demonstrate that he exercised reasonable diligence after reading § 2244(d)(1) and discovering that he could not understand its provisions without help from others. See Valverde, 224 F.3d at 134 (in the absence of reasonable diligence, "the extraordinary circumstance[] and the failure to file is broken").

Second, I conclude that petitioner has failed to demonstrate that his low cognitive functioning rendered it impossible to file a timely federal habeas corpus petition. In this regard, I note that petitioner was capable of filing a state post-conviction petition approximately one month prior to the expiration of the federal limitations period, and a second post-conviction petition approximately one year later. Hence, despite petitioner's low cognitive functioning, he was capable of making court filings. See Gaston v. Palmer, 387 F.3d 1030, 1034-35 (9th Cir.), petition for reh'g *en banc* denied, petition for reh'g by panel pending, 417 F.3d 1050 (9th Cir. 2005) (affirming district court's conclusion that equitable tolling not warranted on basis of mental disability where record demonstrated petitioner was capable of filing state petitions); see also Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner not sufficient cause to avoid a procedural default).

In sum, although petitioner's low cognitive functioning undoubtedly hindered his ability to understand § 2244(d)(1), petitioner's lack of understanding of the law is not a rare and extraordinary circumstance which was the but for and proximate cause of his late filing in this court. In so holding, I am cognizant of the Ninth Circuit's admonition that the threshold necessary to trigger equitable tolling is very high, "'lest the

exceptions swallow the rule.'" Spitsyn, 345 F.3d at 799 (quoting Miranda, 292 F.3d at 1066).

Because petitioner has failed to demonstrate, after an expansion of the record, that his low cognitive functioning was the proximate cause of his late filing, his request for an evidentiary hearing to further develop the underlying facts of his cognitive functioning is denied.

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#3) should be denied on the basis that it is untimely.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 26, 2005. If no objections are filed, the Findings and Recommendations will go under advisement on that date.

If objections are filed, a response to the objections is due November 9, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this __11th__ day of October, 2005.

      /s/ Dennis J. Hubel
Dennis J. Hubel
United States Magistrate Judge